## GIORDANO et al. v. RADIO CORPORATION OF AMERICA et al.

### No. 10181.

United States Court of Appeals
Third Circuit.

Argued May 25, 1950.

Decided July 12, 1950.

Louis H. Wilderman, Philadelphia, Pa. (Joseph Liebman, Camden, N. J., on the brief), for appellant.

M. H. Goldstein, Philadelphia, Pa. (Anthony C. Mitchell, Camden, N. J., on the brief), for appellee.

F. Morse Archer, Jr., Camden, N. J., was present on behalf of Radio Corp. of America, but did not participate in oral argument.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

On January 17, 1950 Alexander Giordano, a citizen of Pennsylvania, brought an action in the United States District Court for the District of New Jersey, individually and as treasurer and representative of Local Union

103 of the United Electrical, Radio & Machine Workers of America, against the Radio Corporation of America, a Delaware corporation, employer of the members of the Local, and John Leto and Earl Fox, citizens of New Jersey, the president and secretary of the Local, respectively, individually and as representatives of the officers, members of the Trial Board, and other members of Local 103 acting in concert with them. The plaintiff alleged that he and fifteen other members and officers of the Local were about to be expelled and their names withdrawn from the membership list as a result of charges brought against them of having engaged in raiding and secession activities against the Union on behalf of a rival organization. The plaintiff asked the court to enjoin the defendants from proceeding further under the alleged charges and the purported decision of expulsion. A motion to dismiss the complaint was made by the defendants and denied by the court, which thereupon granted the preliminary injunction from which the present appeal was taken.

The defendants contend here that the court should not have granted the injunction and that in any event it was without jurisdiction to entertain the action. The question of jurisdiction having been raised we proceed to consider it first. The suit was brought under the diversity of citizenship jurisdiction of the district court. There is a diversity of citizenship between Giordano, the individual who brought the suit, and the three named defendants. The matter in controversy is alleged in the complaint to exceed $3000.00. Whether this amount is actually involved is the decisive point as to jurisdiction.

The theory of plaintiff's complaint is that it was brought by him as representative of a class, the members of Local 103, to prevent them from being deprived of their right to the services and experience as officers and members of himself and the fifteen other members who were about to be expelled from membership and from being deprived of their membership dues. At the hearing the plaintiff somewhat modified his theory by asserting that he represented a class consisting of all members of Local 103 with the exception of defendants Leto and Fox and those members of the Local acting in concert with them. The court in its findings of fact adopted the theory of the plaintiff, both as originally advanced and as modified, and found moreover that the plaintiff would fairly insure the adequate representation of all members of the class which he sought to represent.

It is true, as the plaintiff argues, that the membership of an unincorporated labor union may constitute a class on whose behalf representatives may bring a true class suit to vindicate the common rights of the members as such. But Federal Civil Procedure Rule 23(a), 28 U.S.C.A., provides that the representatives of the class who bring the suit must be such "as will fairly insure the adequate representation of all." Here the affidavits upon which the court acted make it perfectly clear that the membership of Local 103 is sharply divided on the very question involved in this case, the expulsion of the plaintiff and his associates. Indeed a majority of the members who voted on the question at a membership meeting held on January 11, 1950, voted to sustain their expulsion.[1] With a class thus sharply divided in opinion it would be absurd to say that the leader of one faction in the internecine struggle could adequately represent the whole membership?[2] The finding of the district court on this point must be set aside as clearly erroneous.

It follows that the suit cannot be sustained as one brought on behalf of the whole membership of Local 103 as a class. Nor can it be sustained as brought on behalf of all members of Local 103 with the exception of defendants Leto and Fox and those members acting in concert with them. This is but another way of describing those members of the Local who are at the moment in agreement with the plaintiff. This

1. The vote was 908 to 838. Affidavit of Earl Fox, filed in the District Court February 3, 1950.

2. Hansberry v. Lee, 1940, 311 U.S. 32, 44–45, 61 S.Ct. 115, 85 L.Ed. 22, 132 A. L.R. 741.

is not such a class as may support a true class suit for it is too ill-defined and ephemeral in make-up. Those who agree with the plaintiff today may be persuaded tomorrow to take sides with his opponents in the Local. In a true class suit the plaintiffs stand in judgment for the class and a judgment for or against the plaintiffs benefits or binds each member of the class personally under the principles of res judicata.[3] The members of the class must, therefore, be capable of definite identification as being either in or out of it. Such identification would not be possible in a case, such as this, of fluid factional groups in a labor union.

■ The suit must, therefore, be regarded as brought by the plaintiff either solely to redress his own personal grievances against the defendants or possibly to redress the grievances of all the sixteen individuals whose expulsion has been voted. In the latter case it would be a spurious class suit, rather than a true one, since the individual rights of each of the sixteen are several rather than joint, common or secondary. But since there are only fifteen other members of this class and they are all employees of the corporate defendant in Camden, where the district court sits, it could hardly be held that they constitute a class "so numerous as to make it impracticable to bring them all before the court." None of them has intervened in the suit. It must be concluded, therefore, that the suit, if it may be entertained at all, must be regarded as brought by the plaintiff for his own benefit solely.

■ This brings us to the decisive question, whether the jurisdictional amount of $3,000 is involved. The court's finding of fact No. 10 is that "The amount in controversy, exclusive of interest and costs, is in excess of $3,000.00." This finding, however, was predicated upon the court's conclusion that the suit was a class or representative action brought on behalf of the members of the Local under Civil Procedure Rule 23(a) and that the right of the mem-

bership to the services, experience and dues of the sixteen expelled members was the matter involved. As we have seen, however, this suit is not a proper class suit but must be regarded as having been brought solely to vindicate the plaintiff's individual rights. The district judge in his oral opinion denying the defendant's motion to dismiss the complaint did say that if no proper class action was alleged he was of opinion that "the rights and liabilities of Giordano alone exceed the sum of $3,000.00". But he made no formal finding to this effect and we think that if he had done so we would have been compelled to set it aside as clearly erroneous. For there is no basis in the evidence for concluding that the plaintiff will suffer pecuniary loss of as much as $3,000.00 as a result of his expulsion from Local 103. Although if expelled he will lose his top seniority with the defendant corporation it is not suggested by the evidence that his normal seniority will not be sufficient to enable him to retain his job in the future. Nor does it appear that he is receiving income from the Local which he will lose by his expulsion or that his interest as a member in the assets of the Local exceeds $3,000.00.

■ The question of the existence of the jurisdictional amount was squarely raised by the motion to dismiss and the court, after considering the evidence presented to it, made a finding of fact on the point. That finding is asserted by the defendants to be erroneous. If construed as applicable to the plaintiff's individual claim we must hold that it is clearly so. For, as we have seen, the evidence wholly fails to establish the fact that the plaintiff is likely to suffer pecuniary loss in the sum of $3,000.00 as the result of his expulsion from the Local. The district court should, therefore, have dismissed the complaint for want of jurisdiction because of the absence of the jurisdictional amount in controversy. Accordingly upon remand that action will be directed. Since the interlocutory injunction must fall with the dismissal of the complaint

---

3. Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 41 S.Ct. 338, 65 L. Ed. 673; Hansberry v. Lee, 1940, 311 U.S. 32, 41–43, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741; Pentland v. Dravo Corporation, 3 Cir. 1945, 152 F.2d 851, 852–853; Restatement, Judgments, § 86.

it is not necessary for us to consider the defendant's contentions that it was erroneously granted.

The order granting a preliminary injunction will be vacated and the cause will be remanded with directions to dismiss the complaint.