Homer DAWSON, Edmond Farmer, Louis Lattanzio, Howard Kaye and Stanley Kosiorek, in their own behalf and on behalf of all members of Local 542 and its Branches 542A, 542B and 542C of the International Union of Operating Engineers

v.

Joseph J. DELANEY and Hunter P. Wharton, individually and as representatives of the International Union of Operating Engineers.

Civ. A. No. 2053.

United States District Court
D. Delaware.

Nov. 17, 1960.

Abraham E. Freedman and Marvin I. Barish, Wilmington, Del. (of Freedman, Landy & Lorry), Philadelphia, Pa., and Harold Leshem (of Leshem & Rubenstein), Wilmington, Del., for plaintiffs.

William S. Potter and James L. Latchum, Wilmington, Del., (of Berl, Potter & Anderson), Wilmington, Del., and Charles A. Wolfe (of Montgomery, McCracken, Walker & Rhoads), Philadelphia, Pa., for defendants.

Berl, Potter & Anderson, Wilmington, Del., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., J. Albert Woll, Washington, D. C., of counsel.

LAYTON, District Judge.

■■ The first ground of motion for dismissal is that the complaint fails to state the necessary jurisdictional amount in controversy. Curiously enough, the plaintiffs seem to have failed to have included this obligatory allegation. However, it is clear from the complaint as a whole that the plaintiffs are demanding, among other relief, the restoration to Local 542 of a death benefit fund amounting to at least $120,000 and a welfare fund in excess of $1,000,000 which, it is alleged, are being wrongfully held by Trustees acting under an illegal order of the defendants' president, imposing an unlawful Trusteeship upon the plaintiff Local. Even so, the defendants maintain that the beneficiaries of these funds, being members of the families of Local members, and not the members themselves, the latter have no interest in the funds. Here the defendants misconceive the nature of the interest which the members of the Local are asserting. Admittedly, the funds do not belong to the members. However, the members created the funds. In a sense they are the Trustors and, while others than themselves are the beneficiaries, this does not mean that they have deprived themselves of all interest therein. Under very similar conditions, members of a Union acting in behalf of the whole membership have successfully maintained an action brought to remove a trustee. Compare Guilfoil v. Arthur, 158 Ill. 600, 41 N.E. 1009 and Haynes v. Fraternal Aid Union, D.C., 34 F.2d 305.

The jurisdictional amount is clearly involved and, in my view, the present plaintiffs retain sufficient interest therein to assert this right of action. Nevertheless, they will be required to amend their complaint to include the usual allegation as to the jurisdictional amount.

■ Secondly, it is argued that the Trustees, Delaney and Wharton, are improperly joined as defendants in their individual capacities as opposed to their capacity as Trustees. I am unable to accept this argument as to Delaney. He is the present President. He is, so the complaint alleges, wrongfully continuing in being a Trusteeship originally illegally imposed by the past president. To this extent, he is acting in his personal capacity and is properly joined as a party.

■ However, I cannot conceive, from a reading of the complaint, that, even if the plaintiffs are successful, a decree for relief could be entered against Wharton in his individual capacity. Accordingly, the complaint will be dismissed as to him as an individual, but not against Delaney.

■ Next, the defendants move for dismissal for the reason that the plaintiffs have failed to exhaust their remedies under the Constitution of the International Union. At this stage of the proceeding, little need be said about this argument because, on a motion of this sort, the well-pleaded allegations of the complaint must be taken as true. The last portion of paragraph 20 of the amended complaint is as follows:

" * * * An appeal was taken by the local from the said order to the General Executive Board, but the said board has failed to hold any hearing and has advised the local's representatives that they will not be permitted the right of counsel when such a hearing is held in the future. A true and correct copy of the appeal filed with the General Executive Board from the order invoking supervision is hereto attached and marked Exhibit 1."

Inasmuch as this allegation is not formally controverted, it must be taken as true, at least for the present. Moreover, it is perhaps desirable that, aside from this particular point, the plaintiffs be permitted to introduce evidence at trial from which it may or may not appear that they can bring themselves within one or more of the exceptions to the rule requiring that, before instituting court action, complainants must first exhaust all administrative remedies provided in the Union charter.[1]

■ Another ground for dismissal is that the plaintiffs have been guilty of laches. The short answer to this point is to be found in the language of the Pennsylvania State Court for Philadelphia County wherein this same action was filed, the same point raised and in an opinion by Judge Gold (C.P. #6, March Term, 1959, #3685, March 9, 1960), it was said:

"The International contends that laches do appear on the face of the Local's complaint, since the acts complained of by the Local occurred over seven years ago. In addition, the following statement appears on page 30 of the International's brief:

" 'During the intervening period, (the period between 1952 and the present) the plaintiff has persisted and continues to persist in asserting its claim in other courts which it deems to be more favorable to it. In doing so, it had subjected the defendant to the expenditure of enormous amounts of time, work and money in the defense of such actions. * * * Such delay and resulting hardship to defendant is directly attributable to plaintiff's persistence in asserting its claim before other courts notwithstanding defendant's continued assertion of jurisdictional defenses in such other courts.'

"While this statement treats matters outside of the record, it might not be inappropriate to point out that contrary to showing a lack of diligence on the part of the local, the exact opposite conclusion seems apparent. If the International's statement be accepted, then clearly the Local has not slept on its alleged rights. Nor does the fact that the initial action in the United States District Court for the Eastern District of Pennsylvania was dismissed, sua sponte, by the Court of Appeals for jurisdictional reasons indicate a lack of vigilance. If this were so, then one might reach the absurd conclusion that the District Court was also guilty of a lack of 'diligence' in failing to dismiss the action for want of jurisdiction. Furthermore, as pointed out in footnote 5 of the opinion by the Court of Appeals, (Under-

---

1. It was alleged orally at argument, although not in the complaint, and without support from affidavits, that interunion appeals would be useless because (a) four years will elapse until the General Convention, the final appeals tribunal within the Union, again meets and (b) in any event, the management of International is so hostile that it would be fruitless to pursue an appeal.

wood v. Maloney, 256 F.2d 334, 339 (C.A. 3rd, 1958)), after amended complaints were filed in the District Court, no motions to dismiss based on lack of diversity jurisdiction were filed by the International. Thus, the jurisdictional question there considered was obviously a very subtle one and a misconception on that point cannot fairly support a dismissal on the ground of laches in the present case.

"Furthermore, the Local, in contesting the claim of laches, contends that the entire record, including exhibits, is available from the trial in the United States District Court for the Eastern District of Pennsylvania; that the International has failed to show any undue prejudice to it by the delay of this suit; and finally, that the International's continued supervision over the Local during this period is in the nature of a continuing tort and, therefore, the defense of laches is inapplicable.

"Without deciding the merits of these contentions, we are satisfied at this point in the proceeding that laches has not been sufficiently indicated on the pleadings nor on the record of the suit in the United States District Court for the Eastern District of Pennsylvania to foreclose the Local in this suit."

In my judgment, Judge Gold's opinion lays defendants' argument to rest quite finally.

■■■ Lastly, the defendants contend that the present plaintiffs do not adequately represent the interest of the entire class because their interests are in sharp conflict with the great majority of the members of the plaintiff Local. This is perhaps the most important point urged by the defendants who rely heavily upon Giordano v. R. C. A., 3 Cir., 183 F.2d 558. There, approximately 15 members of a Union were about to be expelled from their Local and one of them brought an action on behalf of himself and all other members of the Local to enjoin the expulsion. It was apparent that this was an inter-union fight between the plaintiffs and another faction attempting to expel them. Clearly, in Giordano, the dispute between members of the class concerned the very matter in issue. Here, there is nothing of the sort. Mr. Wolfe, for the defendants, concedes there should be an election of officers for the Local, or in other words, that the order imposing the trusteeship should be rescinded, that an election be held and the plaintiff Local restored to autonomy. The plaintiff obviously seeks the same result. There is, then, no cleavage as to this point. The divergence lies in who will win the election. The defendants want the Union nominees to win, and the Underwood faction, these plaintiffs, are desirous of winning because, in their view, if the other faction wins, it will be tantamount to a continuance of the Trusteeship. But the subject matter of this suit is not who will win the election but that the order imposing the Trusteeship be rescinded and the Local restored to autonomy.[2] On this question, all parties agree so that there is no conflict within the class as to the fundamental issue before the Court.

At this stage of the proceedings, the complaint seems to state a true class action.

Motion denied.

2. It is regrettable that the suspicion of the two factions of each other is so strong that this case, although on the verge of settlement at least twice, must proceed because of the attitude of mutual distrust over the proper conduct of an election of officers looking toward a restoration of autonomy.