**C. Ross McFARLAND et al.**

v.

**The UPJOHN COMPANY, Laboratories Procedures Division.**

**Civ. A. No. 76–1615.**

United States District Court,
E. D. Pennsylvania.

May 12, 1977.

Alan M. Lerner, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiff.

Mark S. Dichter, Joseph I. Goldstein, Dennis J. Morikawa, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VanARTSDALEN, District Judge.

### I.

This is an action brought pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII) and 42 U.S.C. §§ 1981, 1985, 1986, to remedy certain alleged instances of race discrimination in employment by the defendant, The Upjohn Company, Laboratories Procedures Division.

Plaintiff has moved for certification of a plaintiff class comprised of:

[A]ll black persons who are or were employed by defendant in any job classification equal to or higher than the lowest job category which corresponds to the Equal Employment Opportunity Commissions job category "craftsman (skilled)"; all black persons who are or were em- ployed by defendant and were qualified but not employed in any such capacity and all black persons who have sought employment with defendant in any such capacity.

For the reasons set forth below, class certification will be denied.

### II.

The defendant is a corporation engaged *inter alia* in the operation of clinical diagnostic laboratories and clinical reference laboratories. It maintains a facility in King of Prussia, Pennsylvania, one of several facilities in Pennsylvania jointly referred to as "Laboratories Procedures East" (LPE). The King of Prussia facility, as well as other LPE facilities, is a clinical laboratory which performs diagnostic testing of human specimens received from subscribing physicians and hospitals.

The plaintiff and purported class representative is an adult black person who holds a Ph.D. in microbiology. He was employed at the LPE King of Prussia facility as a supervisor of microbiology and clinical microscopy from January, 1973 until he was terminated on October 27, 1975.

Paragraphs 14–22 of the complaint are alleged to be "facts giving rise to plaintiffs' claim for relief." They describe an incident involving the plaintiff and other supervisory employees of LPE King of Prussia which occurred on October 23, 1975. Fairly summarized, it would appear that on that night, after the plaintiff had completed his normal work-day and while he was off the LPE King of Prussia premises, several black persons who were also employed by LPE King of Prussia on the night shift approached the plaintiff during their meal break. They complained to the plaintiff about various incidents of racial discrimination allegedly perpetrated by the defendant. The plaintiff suggested that they return to work and agreed to so accompany them. Shortly after he arrived at LPE King of Prussia, plaintiff met with another supervi-

sor and a "heated exchange" ensued. The next day plaintiff was discharged, and after reconsideration, that decision was affirmed on October 27, 1975. The discharge of the plaintiff is alleged to be "pursuant to a conspiracy between [LPE employees] to discriminate on the basis of race."

The defendant filed uncontroverted affidavits, alleging that the plaintiff was discharged because he returned to work on the evening in question, after his shift had ended, in a drunken and disorderly manner and threatened to strike the supervisor with whom he had shared the "heated exchange." Thus, defendant contends the termination was for good cause and was not racially motivated.

### III.

█ Plaintiff seeks certification of a class maintainable under Fed.R.Civ.P. 23(b)(2) or 23(b)(3). To be maintainable as a class action, a suit must meet all the mandatory requirements of Rule 23(a) [1] and in addition fall within one of the subsections of Rule 23(b). [2] *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 246–48 (3d Cir.), cert. denied, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Aamco Automatic Transmissions, Inc. v. Tayloe*, 67 F.R.D. 440, 444 (E.D.Pa.1975). In addition, the party seeking class certification carries the burden of establishing that these requirements have been fulfilled, and failure to meet that burden precludes class certification. *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir.

1974); *Martin v. Easton Publishing Co.*, 73 F.R.D. 678 (E.D.Pa. filed Feb. 25, 1977) (Troutman, J.).

█ Simply put, plaintiff has failed to carry his burden. That portion of the complaint entitled "Class Action Allegations" is little more than a mere parroting of portions of Rule 23. The motion for class certification is likewise a mere recital of the elements of sections (a), (b)(2), and (b)(3) of Rule 23. Plaintiff alleges no *facts* establishing or even tending to show his ability to meet the mandatory or discretionary requirements of Rule 23. On the contrary, plaintiff alleges in his complaint an isolated incident peculiar to plaintiff which he himself suggests led to his discharge. Defendants' uncontradicted affidavits, at the least, raise to the level of a triable issue whether plaintiff was discharged for disorderly and unbecoming conduct, though I intimate no opinion as to this on the merits. Plaintiff, on the other hand, has offered the court no allegations upon which it might conclude that a class action is proper. Plaintiff has asserted no more than that he is black, he was discharged by the defendant immediately following an argument with another supervisory employee, and that he believes the true basis of his termination to be racially motivated. Though in many instances Title VII suits are available for class action treatment due to an employer practice or policy generally applicable to all or some significant number of employees, Title VII does not inescapably dictate that a class

---

1. Rule 23(a) provides that one or more members of a class may sue as representative parties on behalf of all only if

> (1) the class is so numerous that joinder of all members is impracticable ("numerosity"),
> (2) there are questions of law or fact common to the class ("commonality"),
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"),
> (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy").

Fed.R.Civ.P. 23(a).

2. Rule 23(b), in pertinent part here, provides that an action may be maintained as a class

action if the prerequisites of Rule 23(a) are satisfied and

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole, or;
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

Fed.R.Civ.P. 23(b).

**32**

action is always proper. *Martin v. Easton Publishing Co., supra; Mason v. Calgon Corp.,* 63 F.R.D. 98, 103 (W.D.Pa.1974), *quoting Kinsey v. Legg, Mason & Co.,* 60 F.R.D. 91 (D.D.C.1973). Plaintiff has attempted a "broad brush" approach here by alleging what appears to be a very personal and particularized incident triggering his discharge and then seeking representation of a very broad class. There is simply no basis in the complaint or the moving papers to support claims relating to the proposed class. This is so even though plaintiff has requested and received better than ten months to conduct class action discovery.

In *Wetzel v. Liberty Mutual Ins. Co., supra,* the Third Circuit explored in detail the nature of 23(b)(2) and 23(b)(3) class actions. The *Wetzel* court suggested that (b)(2) classes were "homogeneous" in nature in that their potential claims were sufficiently harmonious and similar to virtually give res judicata effect to a judgment for and against all members of the class even though those members had not received notice of the class action and had not been given an opportunity to "opt out." This rationale and the very wording of (b)(2) indicate that, at least in a Title VII suit, a general policy or practice of the employer applicable to a significant number of employees must be involved in order to permit a class action. Even the most generous reading of plaintiff's complaint and motion for class certification fails to uncover a minimal factual allegation of a discriminatory policy or practice. This is so even with respect to (b)(3), which *Wetzel* suggests requires less severe criteria.[3]

Plaintiff has done no more than offer conclusory allegations unsupported by factual allegations. Under the circumstances here, this is insufficient to warrant approval of a class action.

The motion for class certification is denied.

---

**3.** It should be noted that plaintiff in his complaint has failed to meet the requirements of Local Rule 45 with respect to allegations con-

cerning the elements of a class action maintainable under (b)(3).