Archie PETERSON and Robert Doster

v.

The LEHIGH VALLEY DISTRICT COUNCIL, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS, an unincorporated Labor Union et al.

Robert DOSTER

v.

The LEHIGH VALLEY DISTRICT COUNCIL, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS, an unincorporated Labor Union et al.

Civ. A. Nos. 76–2937, 78–2734.

United States District Court,
E. D. Pennsylvania.

April 28, 1981.

William H. Bishop, III, Charles W. Bowser, Philadelphia, Pa., for Peterson and Doster.

Sally A. Akan, Philadelphia, Pa., for General Contractors' Association of Lehigh Valley.

Charles W. Johnston, Jr., Harrisburg, Pa., for Lehigh Valley Dist. Council and United Broth. of Carpenters and Joiners.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In these consolidated actions plaintiffs' remaining allegations include violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Labor Management Relations Act of 1947, 29 U.S.C. § 185. *See Peterson v. Lehigh Valley District Council,* 83 F.R.D. 474 (E.D.Pa.1979) and 453 F.Supp. 735 (E.D.Pa.1978). Plaintiffs claim that defendants discriminatorily denied them admission into a formal apprenticeship and training program for carpenters and conspired to effect their discharge from employment. Defendants now move for summary judgment on these outstanding claims.

Defendant General Contractors' Association of Lehigh Valley (Contractors' Association), a private, non-profit corporation comprised of construction contractors, acts as a collective bargaining agent for its member employers in negotiations with certain craft unions, including defendant Lehigh Valley District Council (Carpenters' Union). Each contractor member adopts and binds itself by collective bargaining agreements negotiated and executed by the Contractors' Association, which assumed no obligations or exercised any right to control or supervise

the action of the contractors with their employees and/or the Carpenters' Union. The applicable collective bargaining agreement with the Carpenters' Union did not contain any provision, including an exclusionary hiring hall arrangement, which could have precluded plaintiffs' hire. Plaintiffs' employer assumed sole responsibility for on-the-job training and wage rates; the Contractors' Association neither supervised nor controlled any contractor's day-to-day operations and employment practices. In fact, plaintiffs admitted that the Contractors' Association had nothing to do with their hiring, harassment on the job or termination of their employment. Moreover, both plaintiffs confessed that the Contractors' Association was not responsible for their discharge or denial of admission into the Carpenters' apprenticeship program. The individual who did terminate their employment with the employer attributed his decision to plaintiff Peterson's excessive tardiness and a lack of work for plaintiff Doster.

■ To press claims successfully under Section 1981, plaintiffs must show purposeful discrimination. *Crawford v. Western Electric, Inc.*, 614 F.2d 1300 (5th Cir. 1980). Plaintiffs, who alleged disparate treatment, may establish a *prima facie* case by showing that they belonged to a racial minority, that they applied and were qualified for a job for which the employer was seeking applicants, that, despite their qualifications they were rejected, and that, after their rejection, the position remained open and the employer continued seeking applicants from individuals with their qualifications. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978) and *Furnco Construction Co. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). Thereafter the burden to go forward shifts to the defendants to articulate legitimate, nondiscriminatory reasons for the employment decision. *See also Texas Department of Community Affairs v. Burdine,* —— U.S. ——, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Plaintiffs may then show that these reasons were pretextual. *McDonnell-Douglas Corp. v. Green.* This order of proof applies to claims under Title VII, *McDonnell-Douglas Corp. v. Green, supra*, Section 1981. *Crawford v. Western Electric, Inc., supra*, and Section 1983. *Pinckney v. County of Northampton*, 512 F.Supp. 989 (E.D.Pa.1981).

■ In the case at bar, plaintiffs have failed to make a *prima facie* showing of discrimination. Indisputably, both plaintiffs belonged to a racial minority. However, plaintiffs failed to show that they were qualified for membership in the apprenticeship program. Neither had any prior carpentry experience and therefore could not join the Carpenters' Union as a journeyman. Moreover, neither applied for membership in the apprenticeship program in the prescribed manner. Both plaintiffs admitted that they never contacted or communicated with defendants and therefore could not have requested information about applying for the program. Moreover, the Lehigh Valley Joint Apprenticeship and Training Committee (JATC), composed of three members each from the Carpenters' Union and Contractors' Association, formulated the policies and directed recruitment in the apprenticeship programs. The JATC required prospective apprentices to file timely *written* applications, which were available only at the district council office. Neither plaintiff ever fulfilled this requirement. Peterson made verbal requests at several construction sites; Doster attempted to procure an application in 1972 and again in 1977, years in which no openings occurred in the program and no applications were accepted from anyone. Thus, Doster has also failed to meet the fourth requirement of the *McDonnell-Douglas* analysis.

■ Summary judgment may be granted when the pleadings, depositions, affidavits and answers to interrogatories show that no genuine issue of material fact exists and that the moving party deserves entry of judgment as a matter of law. Fed. R.Civ.P. 56(c). *Fleming v. Mack Trucks,*

*Inc.*, 508 F.Supp. 917 (E.D.Pa.1981), *Kohr v. Johns-Manville, Inc.*, 87 FRD 750 (E.D.Pa. 1980). A "material" fact affects the outcome of the litigation. *British Airways Board v. Boeing Co.*, 585 F.2d 946 (9th Cir. 1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). The party resisting the motion cannot do so by relying upon the allegations of the complaint, *Martinez v. Bethlehem Steel Corp.*, 496 F.Supp. 1002 (E.D.Pa.1979), *aff'd*, 633 F.2d 210 (3d Cir. 1980); he must set forth specific facts showing a genuine issue for trial. Fed.R. Civ.P. 56(e). *Hollinger v. Wagner Mining Equipment Co.*, 505 F.Supp. 894 (E.D.Pa. 1981). In the case at bar, plaintiffs argue that they have stated a cause of action under Section 1981 and that their discharge resulted from defendants' racially discriminatory policies. Defendants did not attack the sufficiency of plaintiffs' allegations. Plaintiffs *have* stated a claim upon which relief can be granted; they *have not* raised any genuine issue of material fact precluding the grant of summary judgment. Plaintiffs admitted that their employer assumed sole responsibility for their discharge. The employer's conduct did not relate to any of the terms of the collective bargaining agreement with the Contractors' Association and the Carpenters' Union, and plaintiffs do not dispute the fact that defendants exercised no control over the employer or that any legal duty to do so existed. Trial of plaintiffs' Section 1981 claims would be a useless formality, *Goodman v. Mead Johnson & Co.*, 534 F.2d 566 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977), for the parties do not dispute the critical facts and only their legal effect remains in issue. *Meuller v. Jeffrey Manufacturing Co.*, 494 F.Supp. 275 (E.D.Pa.1980), *aff'd*, (3d Cir. 1981). Therefore, defendants' motion for summary judgment on this ground will be granted.

Similarly, plaintiff Peterson has failed to establish a *prima facie* case of purposeful discrimination with respect to his Title VII claim, and the motion of the Carpenters' Union for summary judgment on this claim will also be granted. *See International*

*Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

 Finally, the Carpenters' Union moves for summary judgment on plaintiffs' claims under the Labor Management Relations Act. The union argues that plaintiffs must establish a violation of the collective bargaining agreement in order to state a claim for breach of the duty of fair representation. Where a plaintiff alleges that the union discriminated against him in performing or failing to perform its duties under an existing contract a claim under Section 301 has been stated. *McClain v. Mack Trucks, Inc.*, 494 F.Supp. 114 (E.D.Pa. 1980). However, to establish a breach of the duty of fair representation, *see Ritter v. Western Electric Co.*, 504 F.Supp. 886 (E.D. Pa.1980), plaintiff must show that he belonged to the collective bargaining unit. *See Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) ("[a] breach of the ... duty ... occurs only when a union's conduct toward *a member of the collective bargaining unit* is arbitrary, discriminatory, or in bad faith"). In the case at bar, the bargaining unit consisted of foremen, journeymen and apprentices. Plaintiffs could not be hired as journeymen because of their lack of experience; they did not properly apply for the apprenticeship program during their tenure with their employer. Consequently, the Carpenters' Union did not owe them a duty of fair representation. Moreover, the local union was not a party to the collective bargaining agreement and represented no employees directly. The applicable contract involved the Contractors' Association and the Carpenters' Union. Hence, as to the local union, no contract existed between an employer and a labor organization *representing employees*, *see* 29 U.S.C. § 185(a), and *Teamsters Local Union No. 30 v. Helms Express, Inc.*, 591 F.2d 211 (3d Cir.), *cert. denied*, 444 U.S. 837, 100 S.Ct. 74, 62 L.Ed.2d 48 (1979). Accordingly, the union's motion for summary judgment will be granted.