George **ROSARIO**, et al., Plaintiffs,

v.

**COOK COUNTY**, et al., Defendants.

No. 82 C 5244.

United States District Court,
N.D. Illinois, E.D.

May 24, 1983.

Stephen Seliger, Ray Romero, Mexican American Legal Defense and Education Fund, Chicago, Ill., for plaintiffs.

Iris Sholder, Asst. State's Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

■ Plaintiffs are Hispanic correctional officers employed by defendant Cook County. They claim that procedures for promotion to sergeant discriminate against Hispanics in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–16 (1976). This court has jurisdiction pursuant to 28 U.S.C. § 1331 (Supp. V 1981) and 42 U.S.C. § 2000e–5(f)(3) (1976). The challenged procedures consist of a performance evaluation and a written examination administered by defendant Cook County Police and Corrections Merit Board ("Merit Board"). Composite scores are ranked, and those officers with the highest composite scores are recommended for promotion. Plaintiffs allege that these procedures have had a disproportionately adverse impact upon Hispanic officers, and they seek declaratory, injunctive, and other "make whole" relief. Plaintiffs have moved to certify this case as a class action on behalf of all

> Hispanic correctional officers employed by the Cook County Department of Corrections who have been and are being adversely affected by the procedures for promotion to sergeant.

Plaintiffs seek class certification under Fed.R.Civ.P. 23(b)(2). There are five requirements of a (b)(2) class action: 1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims of the plaintiff are typical of the claims of the class, 4) the plaintiff will fairly and adequately protect the interests of the class, and 5) the defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole. *See* Fed.R.Civ.P. 23(a) and (b)(2).

Defendants oppose certification on ground that the class, properly defined, is not sufficiently numerous. Defendants maintain that the definition of the class may not be interpreted to include Hispanic correctional officers who have not applied for promotion to sergeant because such persons would constitute a speculative group not represented by named plaintiffs. Further, defendants contend that the class of Hispanic correctional officers who have applied for promotion should not be certified, because joinder of such persons would be eminently practicable.

■ This court has broad discretion concerning class certification. *Patterson v. General Motors Corp.*, 631 F.2d 476, 480 (7th Cir.1980) *cert. denied*, 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). We recognize that "suits alleging racial or ethnic discrimination are often by their very nature class suits, involving class-wide

wrongs." *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 1898, 52 L.Ed.2d 453 (1977). However, the Supreme Court has admonished us that "... a Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 2372–73, 72 L.Ed.2d 740 (1982). Accordingly, a decision to certify should not only advance the substantive goals of Title VII, but should also "advance the efficiency and economy of litigation which is a principle purpose of the procedure." *Id.* at 2372 (quoting *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 553, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974)).

### 1. Numerosity

Defendants maintain that the class may properly include only those Hispanic officers who applied for promotion to sergeant and took the written examination in 1982. Twenty individuals fit this definition. With respect to these twenty, the sole contested issue is whether "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1).

■ Impracticability of joinder is determined in the context of particular litigation. *See* 3B J. Moore & J. Lucas, Moore's Federal Practice ¶ 23.05(1) (1982). Number alone is not dispositive in this case; smaller classes have been certified, *e.g.*, *Davy v. Sullivan*, 354 F.Supp. 1320 (M.D.Ala.1973) (class of 10), and larger groups have been denied certification, *e.g.*, *Ewh v. Monarch Wine Co.*, 73 F.R.D. 131 (E.D.N.Y.1977) (group of 34–50). Courts have considered a variety of factors which, in conjunction with the number of persons, support a finding of impracticability. Relevant factors include the nature of the relief sought, the ability of the individuals to press their own claims, the practicality of forcing relitigation of a common core of issues, and administrative difficulties involved in interpretation and joinder. *See, e.g., Paxton v. Un-*

*ion National Bank*, 688 F.2d 552, 559–61 (8th Cir.1982); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319–20 (9th Cir. 1982).

■ The nature of relief sought in this case weighs in favor of a finding of impracticability. Plaintiffs request a declaration that defendants' promotion procedures violate Title VII, and an injunction against continued use of the performance evaluations and written examination. A decision will necessarily affect the interests of future Hispanic applicants for sergeant. Regardless of their number, the joinder of future alleged discriminatees is inherently impracticable. *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1320 (9th Cir.1982); *Afro American Patrolman's League v. Duck*, 366 F.Supp. 1095, 1099 (N.D.Oh. 1973). *Cf.· Bowe v. Colgate Palmolive Company*, 416 F.2d 711 (7th Cir.1969) (examining the role of a Title VII plaintiff as a "private attorney general").

Defendants argue that future discriminatees may not be counted in order to satisfy the numerosity requirement, citing *Peterson v. Lehigh Valley District Council*, 83 F.R.D. 474 (E.D.Pa.1979) and *Moore v. Western Pennsylvania Water Co.*, 73 F.R.D. 450 (W.D.Pa.1977). Although that proposition appeared in each case, the principle actually applied was slightly different. In each case the court questioned the very existence of a class, then refused to infer that a great number of persons would be discriminated against in the same manner in the future. *Peterson*, 83 F.R.D. at 477–78; *Moore*, 73 F.R.D. at 452. This approach amounted to no more than the factual inquiry required to separate class allegations from individualized claims.

The prospective nature of the relief is relevant to a finding of impracticability in that we must consider the interests of persons who will predictably enter the class of applicants; we make no attempt at counting future class members and adding their number to the extant group. In this case, the existence of twenty Hispanic officers who were subjected to the identical evaluation and examination procedure is beyond

question. The record reveals the defendants' use of the performance evaluations is ongoing, and that the defendants intend to use the same written examination, or parts of it, when the next promotions list is compiled. *See* Plaintiff's Motion to Certify Class, Exhibit C. It is not speculative to predict that the interests of unknown discriminatees will need to be considered.

The remaining factors mentioned above weigh heavily on the side of impracticability of joinder. Courts have noted frequently that employees are reluctant to bring their employers into court; fear of the serious consequences of offending one's employer may intensify the uncertainty of legal action. *Horn v. Associated Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir.1977); *Arkansas Ed. Ass'n v. Board of Ed.*, 446 F.2d 763, 765 (8th Cir.1971); *Cypress v. Newport News Gen. and Nonsectarian Hosp.*, 375 F.2d 648, 653 (4th Cir.1967). Forcing the parties to relitigate a common core of issues unnecessarily multiplies the expense of litigation, whereas allowing a suit to proceed as a class action protects defendants as well as plaintiffs. *See Swanson v. American Consumer Indus.*, 415 F.2d 1326 (7th Cir.1969). Finally, the administrative difficulty, delay and distraction involved in requiring each of twenty potential plaintiffs to exhaust EEOC procedures, then to intervene, join, or initiate a separate suit, is simply unwarranted. *See Lazarus v. Maryland*, 79 F.R.D. 633 (D.Md. 1978); *Butkus v. Chicken Unlimited Enterprises, Inc.*, 15 Fed.R.Serv.2d (Callaghan) 1067 (N.D.Ill.1971). The class is sufficiently numerous that joinder is impracticable.

### 2. Commonality

Named plaintiffs have applied for promotion and failed. Defendants argue that named plaintiffs may not represent Hispanic correctional officers who did not apply for promotion, because non-applicants have suffered no injury, a speculative injury, or at least a different injury from that suffered by named plaintiffs. Named plaintiffs respond that they may represent all Hispanic correctional officers who are "ad-versely affected" by promotion procedures. The proper scope of the class will depend upon the extent to which named plaintiffs fulfill the remaining requirements of rule 23 as to the claims of both applicants and non-applicants.

■ Plaintiffs clearly intend to proceed in a disparate impact theory. According to the theory, an employee makes out a prima facie case by showing that his or her employer's facially neutral standards are discriminatory in effect. The employer may then show that the standards relate to job performance. Finally, the employee may show that other standards would achieve the employer's purpose without discriminatory effect. *See Dothard v. Rawlinson*, 433 U.S. 321, 329, 97 S.Ct. 2720, 2726–27, 53 L.Ed.2d 786 (1977).

In order to prove a disparate impact upon applicants for promotion to sergeant, plaintiffs must prove that the performance evaluation and written examination combine to select non-Hispanics for recommendation at a significantly higher rate than Hispanics. The burden would shift to defendants at that point to show that the procedures relate to job performance. Plaintiffs would be entitled to show that another system for sifting applicants would assure the same level of job performance without discriminating against Hispanics. The theory of the case for non-applicants is unclear in the record. Non-applicants might claim a discriminatory effect flowing directly from the performance evaluations. Alternatively, non-applicants might claim that past discrimination against Hispanics discouraged them from applying for promotion.

There are questions of law and fact common to applicants and non-applicants. The relative scores on performance evaluations of officers from different ethnic groups would be factually relevant to the claims of applicants as well as non-applicants. Whether defendants have violated Title VII with respect to the promotion of Hispanic correctional officers is an essential legal question common to both claims.

### 3. Typicality

Whether the claims of the representative parties are typical of those of the class is problematic. Applicants and non-applicants alike are employees claiming injury to their employment status by virtue of an impermissible ethnic discrimination. However, all of the current class representatives applied for promotion; no non-applicants are named as plaintiffs at this point in the litigation.

The Supreme Court addressed a similar problem in *General Telephone Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The issue in *Falcon* was "whether respondent Falcon, who complained that petitioner did not promote him because he was a Mexican-American, was properly permitted to maintain a class action on behalf of all Mexican-American applicants for employment whom petitioner did not hire." 102 S.Ct. at 2366. Justice Stevens reasoned for the majority that Falcon's proof of the validity of his own claim could not support the additional inferences required to sustain class claims. The Court ruled that the district court erred in assuming that Falcon's claims were typical of all claims by Mexican-American applicants and employees. *Id.* at 2371.

In this case, Hispanic applicants for promotion may prove their claim in a way which would advance the claims of non-applicants. However, applicants and non-applicants could prove their claims independently of one another. For example, applicants could prove a disparate impact without specific reference to the performance evaluation, and without undertaking the additional proof of deterrence. Non-applicants could prove that they were deterred from seeking promotion by disparate treatment, regardless of any adverse impact flowing from the written examination for sergeant. Two sets of typical claims appear.

Moreover, the claims of non-applicants are likely to become a separate focus in the litigation, because each non-applicant must prove that "but for" defendants' discrimination, he or she would have applied. *See*

*International Bhd. of Teamsters v. United States,* 431 U.S. 324, 368, 97 S.Ct. 1843, 1871, 52 L.Ed.2d 396 (1977). The claims of the representative parties are typical of the claims of applicants for promotion. They are not, however, typical of the claims of Hispanic correctional officers who have been deterred from applying for promotion.

### 4. Representation

■ The final requirement of rule 23(a) is that the named party will fairly and adequately represent the interests of the class. Two requirements must be met. First, the named party must have an interest in the outcome sufficient to ensure vigorous advocacy on behalf of the class while having no antagonistic interest. Second, counsel for named party must be competent and loyal class advocates. *See General Telephone Co. v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 2371 n. 13, 72 L.Ed.2d 740 (1982); *Senter v. General Motors Corp.,* 532 F.2d 511, 524–25 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). There is no question that plaintiffs' counsel, Stephen Seliger, Esq., and Raymond Romero and Virginia Martinez, Esqs., of the Mexican American Legal Defense and Education Fund, Inc., are skilled in class action litigation and loyal to the general interests of the class. However, we believe that the interests of proposed class members diverge, and that this divergence threatens to divide the loyalties of the attorneys and to undercut vigorous advocacy on behalf of all class members.

We noted earlier that the coextensiveness of the claims of applicants and non-applicants will depend upon the manner and extent of proof at trial. Perhaps more important than the choice of proofs during the liability phase will be the choice of relief if plaintiffs prevail. The number of sergeant positions available at a given time is necessarily limited. Assuming that qualified Hispanic officers have unlawfully been denied promotions, this court will be called upon to determine to whom or on what basis promotions will be given. At this point, the interests of past applicants may be antagonistic to the interests of

non-applicants. Applicants should advocate their prior right to promotion; non-applicants should argue for a fresh determination of rightful promotions.

 Although we believe that competition for a finite number of positions disqualifies applicants from representing non-applicants, we believe that the interests of non-applicants should be represented. In an employment discrimination case, the district court is duty-bound to "fashion the most complete relief possible." *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 364, 97 S.Ct. 1843, 1869, 52 L.Ed.2d 396 (1977). Fed.R.Civ.P. 19 enables this court to join a party whose absence would render relief incomplete, whose interest might be prejudiced, or whose absence might prejudice the interests of other parties. The absence of any non-applicant representative in this action could impair the interests of non-applicants as a practical matter, and might subject defendants to inconsistent obligations. In order to accord complete relief among the parties, a representative of non-applicants should be included among named parties.

### 5. Injunctive Relief

In addition to the requirements of subdivision (a), a class action must fall into one of the categories of subdivision (b) to be maintainable. Fed.R.Civ.P. 23(b). Named plaintiffs' allegations fall squarely within the intended ambit of subdivision (b)(2), which includes "actions in the civil rights field where a party is charged with discriminating unlawfully against a class." Advisory Committee Note, Report of the Judicial Conference on the Proposed Rules of Civil Procedure for the United States District Courts, 39 F.R.D. 98, 102 (1966). Plaintiffs allege action on the part of defendants with respect to the class as a whole, and if the allegations are true, injunctive or declaratory relief will be appropriate.

 For the foregoing reasons, plaintiffs' motion to certify this case as a class action is granted in part, with respect to all Hispanic correctional officers employed by the Cook County Department of Cor-

rections, *who have applied for promotion to sergeant and* who have been and are being adversely affected by the procedures for promotion to sergeant. Plaintiffs' motion is denied to the extent that named plaintiffs would represent officers who have not applied for promotion. A hearing is scheduled for June 6, 1983 at 9:30 a.m. to determine what steps should be taken to join a representative for non-applicants consistent with Fed.R.Civ.P. 19 and 23.