Charlotte **HOROWITZ, et al.**

v.

Thomas G. **POWNALL, et al.**

**Civ. No. Y–82–3011.**

United States District Court,
D. Maryland.

April 18, 1985.

See also, 582 F.Supp. 665.

John B. Isbister, Baltimore, Md., and Sheldon D. Camhy, New York City, for plaintiffs.

George Beall, Baltimore, Md., and Robert C. Myers, New York City, for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

The plaintiff in a consolidated case, *Horowitz v. Pownall,* Y–82–3011, has filed a motion for class certification relating solely to that case. (The other actions are derivative actions.) Plaintiff Horowitz seeks the certification of a class consisting of all common shareholders of Martin Marietta Corp., at any time on or after August 25, 1982 (the date of the public announce-

ment of a tender offer by Bendix) who did not sell before the public announcement of the Standstill Agreement on September 24, 1982. Plaintiff seeks the certification of this class only as it relates to her Second Claim.

Plaintiff's second claim alleges that the defendants failed to disclose material facts in the Schedule 14D–9 sent to Martin Marietta shareholders, thus inducing the class members to retain their shares to their disadvantage. According to the defendants, there are at least three subparts to this claim: that the defendants wrongfully converted to themselves a September 23 offer by Allied, that the defendants wrongfully converted to themselves Bendix' offer to purchase remaining Martin Marietta stock on September 21, 1982, and finally that the defendants failed to state various facts in the Schedule 14D–9 issued on August 31, 1982, thereby inducing plaintiff and others not to tender to Bendix. Plaintiff also claims as part of this second claim that any damages caused by the director defendants' actions in entering the Standstill Agreement and defeating the proposals of Allied and Bendix should flow to the plaintiff class and not to Martin Marietta, and seeks an order directing that any derivative recovery to Martin Marietta be distributed to the plaintiff class.

Plaintiff of course asserts that all the requirements of Fed.R.Civ.P. 23 are met, and that the class is properly certified in this case.

Before even reaching the merits of the class determination, the defendants point out that there are serious problems with the putative class as the plaintiff defines it. She has defined the class as consisting of any common shareholder who owned stock on August 25 *or acquired it thereafter* and who had not sold that stock by September 24, 1982 (the date of the Standstill Agreement). Therefore the standing of various class members to complain concerning each allegation would depend on an individual showing of ownership on the important dates. For example, plaintiff claims that on September 23, defendants wrongfully converted an offer by Allied. Only those persons holding Martin Marietta shares at the time could have been aggrieved by that action, but according to plaintiffs' definition the class could include those who purchased later. The same argument is made as to the "$55.00 offer" made by Bendix on September 21. Purchasers of Martin Marietta shares on or after September 21 who had not sold by September 24 are included within the class but were not aggrieved by the directors' action. Finally, as concerns the Schedule 14D–9 claims: The Schedule 14D–9 disclosure was sent to shareholders on August 31, and supposedly induced shareholders not to tender their shares. The tender offer expired September 20, however; those shareholders who purchased after the expiration of the tender offer but had not sold by September 24 are included within the class but were not aggrieved by the action complained of. As regards all of the various allegations, the class excludes those who, for some reason, sold their shares before September 24 but were nevertheless affected by the director's action. According to the defendants, plaintiff is attempting to lump together into one class what should be several classes, and the problems of individual standing and the individual questions presented preclude the certification of one class in this action. Furthermore, according to the defendants, they would be prejudiced by the exclusion from the class of other individuals with the same or similar claims, thus preventing the defendants from litigating with finality and thus failing to eliminate the possibility of multiple suits.

Rule 23(a) contains four prerequisites for the maintenance of a class action.

> One or more members of a class may sue or be sued as representative parties on behalf of all if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative are typical of the claims or defenses of the class, and (4) the representative par-

ties will fairly and adequately protect the interest of the class.

There is no dispute that the class is so large that joinder of all its members is impracticable. Defendants have noted that Martin Marietta's records show that there were 44,542 shareholders of record on September 30, 1982.

Plaintiff also asserts that there are questions of law or fact common to the class, because there was a "course of conduct" engaged in by the defendants which affected each class member; that her claims may also be typical of the claims of all class members, because she is alleging that she was injured due to the omissions and/or misrepresentations of the defendants; that her claims may have the same essential characteristics as those of the class, and that she may be an adequate representative of the class for various reasons.

Defendants contest the plaintiff's assertions that her claims are typical and that she would adequately represent the class. It is not necessary to decide these issues, however, because even if the plaintiff has met all the requirements of Fed.R.Civ.P. 23(a), she must also meet one of the requirements of Rule 23(b). Plaintiff cannot establish that any of the three requirements of Rule 23(b) have been met, and therefore her class cannot be certified.

Rule 23(b)(1) provides:

An action may be maintained as a class action if the prerequisite of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions with respect to individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not party to the adjudications or substantially impair or impede their ability to protect their interests;

Plaintiff has argued that this cause of action meets that requirement because "as a result of this litigation, the Court will order that any derivative recovery be paid either to Martin Marietta or placed in a special fund for distribution to the proposed class," thus as a practical matter "dispositive of the interests of the other members not parties" to this action. Plaintiff fails to argue or demonstrate how her prosecution of her individual claim would prejudice other shareholders with similar claims if her action is *not* certified as a class. As other courts have noted, in a securities fraud action where there are some individual questions of reliance and injury, as there are in this case, certification under Rule 23(b)(1) is not appropriate. *See Crasto v. Estate of Kaskel,* 63 F.R.D. 18 (S.D.N.Y. 1974), *Berley v. Dreyfus & Co.,* 43 F.R.D. 397 (S.D.N.Y.1967), *In Re Home-Stake Production Co. Securities,* 76 F.R.D. 351, 375 (N.D.Okla.1977). In *Tober v. Charnita,* 58 F.R.D. 74 (M.D.Pa.1973), the court noted that "[c]ertification under Rule 23(b)(1) should properly be confined to those causes of action in which there is a total absence of individual questions. Only subdivision (b)(3) should be applicable to a cause of action such as the instant one, involving the aggregation of individual claims arising out of one alleged wrong or common course of conduct." The reason for this decision is that the presence of individual issues would preclude the possibility of varying adjudications in different lawsuits, with individual members of the class establishing incompatible standards to govern the defendants' conduct. As the court noted in *Crasto v. Estate of Kaskel,* 63 F.R.D. at 21, an action involving alleged misrepresentations in the sale of securities, "at worst, defendants will have to pay damages or grant recission to some plaintiffs but not to others, a course of conduct outside the scope of (b)(1)(A). Moreover, we can conceive of no possible prejudice to the class members from individual adjudications which will bind only the parties to those actions." The same reasoning must apply in this case, where the plaintiff seeks

money damages. She has framed her request in terms of "establishing a fund for distribution to the plaintiff class," but if there is no plaintiff class then she will recover only damages necessary to compensate her for her injuries. Her recovery would not be dispositive of other claims against the defendants, which might rest on individual claims of reliance and injury not suffered by this plaintiff. Numerous courts have held that class actions under the securities laws are not appropriate for class action treatment under Rule 23(b)(1), *see, e.g., Berley v. Dreyfus & Co.*, 43 F.R.D. 397 (S.D.N.Y.1967), *Crasto*, 63 F.R.D. at 22, and that conclusion may be properly applied in this case.

■ Nor may the plaintiff meet the requirements for certification in Rule 23(b)(2). That subdivision provides that class treatment may be appropriate where

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

When Rule 23 was amended in 1966, the Advisory Committee noted that this section "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to monetary relief."

Plaintiff's second claim seeks only monetary relief and asks that any derivative recovery be paid either to Martin Marietta or placed in a special fund for distribution to the proposed class. She claims that if any derivative recovery is placed in a special fund, the Court in essence would be entering an injunction or declaratory relief against Martin Marietta (presumably because Martin Marietta would be enjoined from recovering from the fund with respect to the class as a whole.) Plaintiff's argument has no merit. She seeks monetary recovery which would be distributed pro rata to those class members entitled to recover; as such, she cannot qualify for class certification under Rule 23(b)(2).

Finally, if this class is to be certified it must fall within Rule 23(b)(3). Before plaintiff can demonstrate that her proposed class should qualify for class status under (b)(3), the Court must find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Plaintiff argues that the underlying activities of the defendants affected all members of the class in the same manner, and that the defendants' "course of conduct" is the predominant issue to be decided in this case. Plaintiff's argument overlooks the fact that the proof necessary to establish liability may vary for each class member because the members of the proposed class do not all stand in the same position with respect to the defendant's alleged actions.

■ To sustain her claim for damages under Section 14(e) of the Securities Exchange Act of 1934, plaintiff must establish with proof common to every class member (1) that defendants made untrue statements of material fact or failed to state material facts required to be stated in the Martin Marietta Schedule 14D–9 issued in connection with the Bendix offer, (2) that plaintiff relied on such statements or omissions in deciding not to tender to Bendix, (3) that plaintiff suffered injury as a result, and (4) that the defendants acted with the requisite scienter. *See Huddleston v. Herman & MacLean*, 640 F.2d 534, 535, 543 (5th Cir.1981), *aff'd in part, rev'd in part,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983). To qualify for class action treatment, plaintiff must demonstrate that the common questions involved in this proof predominate over the individual questions.

The Advisory Committee, in commenting on Rule 23(b)(3), has noted that "although having some common core, a fraud case may be unsuited for treatment as a class action if there were material variations in the representations made or in the kinds or degree of reliance by persons to whom they were addressed." Fed.R.Civ.P. 23(b)(3), Adv.Comm. note; 39 F.R.D. at 103. In this case, there are individual questions in-

volved in nearly every element of the plaintiff's proof. Although plaintiff claims that she need only show that "the defendants failed to disclose material facts to the plaintiff class in order to induce the class members not to tender their shares and to defeat the Bendix offer," she must also show that the defendants had a duty to disclose and that the omitted facts were material to each individual member of the class. She may also have to show reliance on the misrepresentations, if the alleged actions of the defendants are characterized as misrepresentations.

■ Plaintiff claims that the issue of individual reliance need not arise in this case. Plaintiff's § 14(e) claim is based primarily upon omissions and in such cases reliance is presumed. *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 154, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972). Where a claim alleges material omission it is true that proof of reliance is not required, only proof that the facts withheld were material in the sense that a reasonable investor might have considered them important in the making of his decision.

Plaintiff has failed to demonstrate, however, that the alleged misrepresentations or omissions were uniform with respect to every member of the class. The defendants have argued that the widespread public disclosure of the information allegedly omitted raises individual questions regarding the representations made to and the actual knowledge of each member of the proposed class. The extensive public disclosures of matters allegedly omitted also raises the possibility that the defendants can establish a defense against individual class members because they may have acted recklessly in not ascertaining facts generally available.

According to the defendants, much of the information that plaintiff alleges was omitted from the Schedule 14D-9 was widely available through press releases from Martin Marietta and Bendix and/or was widely reported in the press. In order for a class member to recover, he or she must prove that the information was not otherwise available to them. In *Crasto v. Estate of Kaskel, supra,* a case involving different oral representations to various plaintiffs, the court denied class certification, noting, "When we include the alleged press releases, selling material, and written announcements, which may or may not have reached all the members of the class, the picture becomes even more jumbled and varied. Thus, it seems clear that the alleged misrepresentations are not common to the class even as to the written material issued by defendant." In *Simon v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 482 F.2d 880, 883 (5th Cir.1973), the court held that a plaintiff's failure to prove any standardized representations by the defendant barred a class action whether based on Rule 10b-5 or the common law.

■ The level of knowledge that each individual class member enjoyed may also give rise to individual issues concerning materiality. Whether the alleged omissions were material to a particular shareholder would depend on whether he had knowledge of the omitted fact from another source such as press releases or newspaper accounts. In *Titan Group, Inc. v. Faggen,* 513 F.2d 234, 238-39 (2d Cir.1975), the court noted that *Affiliated Ute, supra,* "rather than abolishing reliance as a prerequisite to recovery, was recognizing the frequent difficulty in proving, as a practical matter, that the alleged misrepresentation, allegedly relied upon, caused the injury." The court concluded that in cases involving omissions instead of misrepresentation, "even when coupled with access to the information, materiality rather than reliance thus becomes the decisive element of causation," and found that where there was "an abundance of evidence of the matters the plaintiff really considered important," the omissions were not "material." A similar reasoning applies here. If reliance is presumed, then the focus must shift to whether the omissions were material. Given the widespread availability of the allegedly omitted information, materiality must depend on whether an individual had knowledge through another source.

Materiality requires an individual inquiry for each class member.

Furthermore, reliance may not be presumed for each plaintiff. If the actions of the defendants are characterized as misrepresentations, not omissions, then individual proof of reliance will be required for each plaintiff class member. Plaintiff suggests that individual mini-trials could be conducted on the issue of reliance once the other issues of liability have been decided, and cites cases in which that procedure has been used. None of those cases involved the number of plaintiffs that this case might involve (there were over 44,000 shareholders of Martin Marietta on September 30, 1982).

Individual issues concerning disclosure also may give defendants various defenses against the plaintiffs. It seems clear that if the defendants can establish that a plaintiff had actual knowledge of the allegedly omitted facts, they have a defense against that plaintiff's action. "Simple logic dictates that actual knowledge of the fact allegedly omitted defeats a fraud claim based upon that omission." *Central Microfilm Service Corp. v. Basic/Four Corp.,* 688 F.2d 1206, 1219 (8th Cir.1982), *cert. denied,* 459 U.S. 1204, 103 S.Ct. 1191, 75 L.Ed.2d 436 (1983). Similarly, if a plaintiff was reckless in not knowing of an omitted fact, he is precluded from recovery under the antifraud provisions of the securities laws. *See Mallis v. Bankers Trust Co.,* 615 F.2d 68, 80–81 (2d Cir.1980), *cert. denied,* 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981). Defendants assert that once they have introduced evidence that the information was available to the public, the recklessness question will be placed in issue. Then it will be the responsibility of each class member to negate his own recklessness.

Finally, there is the argument that the issue of scienter will also require individual determinations. Defendants argue that because the situation was constantly changing during the class period, and decisions were being made daily with respect to the Bendix offer and the Martin Marietta response, the plaintiffs will have to demonstrate that the defendants had the requisite scienter at the same time that each individual plaintiff made the decision not to tender his shares. In *Trattner v. American Fletcher Mortgage Investors,* 74 F.R.D. 352 (S.D.Ind.1976), the court declined to certify a class because of constantly changing circumstances which would require the resolution of many factual questions raised only in a class action.

One of the plaintiff's claims is that the defendants wrongfully converted to themselves a $55.00 tender offer. Defendants have argued that there must be a common showing that all class members wished to accept that offer, and that class certification on this issue is improper without such a showing. Defendants have submitted affidavits of putative class members which indicate no intention to accept the $55.00 offer. Without common proof of injury, individual injury would be necessary on the issues of injury and damages. Individual issues are predominant, indeed overwhelming, and class action is not the superior method of adjudicating this case. The requirements of Rule 23(b)(3) have not been met and class certification must be denied.