**NGUYEN THI NGA, et al., Plaintiffs,**

**v.**

**DAEWOOSA SAMOA, LTD., et al., Defendants.**

High Court of American Samoa
Trial Division

CA No. 133-99
CA No. 68-99

April 11, 2000

Before RICHMOND, Associate Justice, and ATIULAGI, Associate Judge.

Counsel: For *Nguyen* Plaintiffs, Virginia L. Sudbury and Christa Lin
       For *Shunzhe* Plaintiffs, Afoa L. Su`esu`e Lutu
       For Defendants, Malaetasi M. Togafau

## ORDER CONSOLIDATING CASES AND CERTIFYING CLASS ACTION

## I. Consolidation of Actions

On March 28, 2000, plaintiffs in *Shunzhe et al. v. Daewoosa Samoa, Ltd., et* al., CA No. 68-99, ("*Shunzhe* plaintiffs") filed a motion to consolidate their action with the action by plaintiffs in *Nguyen* et al. *v. Daewoosa Samoa, Ltd., et al.,* CA No. 133-99 ("*Nguyen* plaintiffs"). At a hearing on March 31, 2000, with counsel for the *Nguyen* plaintiffs and defendants present, the Court orally granted this motion. Finding good cause shown, we affirm our oral pronouncement granting the *Shunzhe* plaintiffs' motion to consolidate their action with the *Nguyen* plaintiffs' action.

## II. Certification of Class Action

### A. Background

On January 27, 2000, as part of their request to amend the amended complaint, the *Nguyen* plaintiffs requested class action certification of all Vietnamese workers employed by defendant Daewoosa Samoa, Ltd. ("Daewoosa"). We issued an order on February 22, 2000, amended on February 24, 2000, denying class action certification for claims under the Fair Labor Standards Act and requiring additional briefing on certification of the other claims.

The order laid out the prerequisites for a class action required by T.C.R.C.P. 23(a). For clarity, we repeat that discussion here, *infra* part

136

II.B., albeit with some modifications because the class of workers for which the Court grants certification includes all garment workers rather than just Vietnamese workers, *see infra* at 6, and because the Court has consolidated this action with CA No. 68-99, *see supra* at 1, which involves a group of similarly situated Chinese workers.

B. Prerequisites to a Class Action

There are four prerequisites to a class action:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. T.C.R.C.P. 23(a). Defendants have objected to class certification on the basis of the first requirement, arguing that plaintiffs are not too numerous to identify. However, ability to identify the plaintiffs is not the criterion used to determine whether plaintiffs have met the standard in Rule 23(a)(1). Instead, the Court looks at the practicability of joinder. There are presently at least 130 named workers joined in the two actions. Hearing the arguments regarding this number of individual plaintiffs would be impractical at best and would severely strain the limited resources of the court system. Plaintiffs meet the numerosity criterion for certification as a class.

There is also no impediment to a class action under the other three prerequisites. There are many factual and legal issues common to the class. To cite a few examples, all plaintiffs allege that defendants have held all of plaintiffs' passports and have required payment of an illegal settlement check as a prerequisite to working at Daewoosa. All plaintiffs were brought to the Territory to live and work on the Daewoosa compound, and all have been subject to Daewoosa's rules regarding such issues as when and whether plaintiffs may leave both their rooms and the compound.

Some allegations differ. For example, the allegation of a due process violation by sending plaintiffs out of American Samoa only applies to the nine plaintiffs who were sent to Vietnam. Illegal kickbacks are alleged only as to some groups of plaintiffs. The allegations regarding breach of contract arising from illegal termination only applies to those employees who have been terminated. However, there are ample commonalities between the plaintiffs to afford them class status.

C. Certification of Class Action under T.C.R.C.P. 23(b)(3)

There are several types of class actions, and each type is maintainable

137

in a different set of circumstances. We find that certification under T.C.R.C.P. 23(b)(3) is appropriate in this case. The court may certify a class action under T.C.R.C.P. 23(b)(3) when it finds that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Unlike the other types of class actions, certification is allowed under this section regardless of whether plaintiffs seek primarily monetary or injunctive relief. 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 23.45 [1] (2d ed. 1985). In the present case, plaintiffs' claims for monetary relief are a significant part of their complaint.

■ In determining whether common questions predominate, courts have used varying formulations. *See Edgington v. R.G. Dickenson and Co.*, 139 F.R.D. 183, 190 (D. Kan., 1991) (common questions should be central to all claims); *Doe v. Guardian Life Ins. Co.*, 145 F.R.D. 466, 476 (N.D. Ill. 1992) (mutual interest in resolving common questions must be greater than individual interests). The common theme, however, is that the court make a pragmatic assessment of whether common issues predominate in the entire action. As discussed above the prerequisites to class certification, there are many commonalities in questions of both law and fact. The claims are highly similar, and other potential plaintiffs have not shown a desire to have claims adjudicated separately. Despite the likelihood of individual damage issues if plaintiffs are successful, common questions predominate as to liability, providing sufficient predominance of common questions to make certification appropriate. *See Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988) (certification appropriate despite individual damages issues).

■ Under T.C.R.C.P. 23(b)(3), a class action must also be superior to other methods of proceeding. A class action is superior when individual members are likely unable or unwilling to bring an action on their own. *Rodriguez v. Carlson*, 166 F.R.D. 480, 482 (E.D. Wash. 1996) (class action superior for migrant workers who did not speak English and had little understanding of the American legal system). In the present case, individual actions and test cases are not feasible, not only because of the large number of plaintiffs, but also due to the fact that many of them do not speak English and would therefore have difficulty pursuing their claims.

■ A T.C.R.C.P. 23(b)(3) class action is more appropriate under the present circumstances than the other types of class actions. Rule 23(b)(1) defines two types of class actions, one under Rule 23(b)(1)(A) and one under Rule 23(b)(1)(B). A class action is maintainable under Rule 23(b)(1)(A) if the prosecution of separate actions would create a risk of "inconsistent or varying adjudications with respect to individual

members of the class which would establish incompatible standards of conduct for the party opposing the class." There is no indication that certification would result in incompatible standards of conduct, meaning that the defendants would be forced to act inconsistently with one judgment in order to satisfy another judgment. 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 23.41[2] [a] (2d ed. 1985). Furthermore, this section is inappropriate if monetary claims predominate. *Id.* at ¶ 23.41 [5] [a & c]. Certification under Rule 23(b)(1)(B) is appropriate when there is a risk that adjudication with respect to individual persons would be dispositive of the interest of other members. Courts generally certify under this type of class action when there are multiple claimants to a limited fund, such as with proceeds to an insurance policy, which is not the case here, and the Court sees no indication that adjudication as a class would be dispositive of the interests of other class members.

Under Rule 23(b)(2), parties may bring a class action if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." This section, often used in civil rights cases, is not appropriate when monetary damages are at issue unless they are incidental to injunctive or declaratory relief, and is therefore inappropriate here.

### Order

1. CA No. 133-99 and CA No. 68-99 are consolidated.

2. Plaintiffs' motion for class action certification under T.C.R.C.P. 23(b)(3) is granted. The class shall include all non-Samoan garment workers who presently work and formerly worked at Daewoosa. The class excludes all Daewoosa managers. The Court, however, may redefine the members of the class if it becomes appropriate to do so.

3. Plaintiffs shall draft a proposed notice conforming with T.C.R.C.P. 23(c)(2)(A-C) to advise all members of the class of their right to exclude themselves from the class if they so choose. Plaintiffs shall submit the proposed notice, and propose the means of disseminating the notice, to the Court for approval no later than April 24, 2000 and, upon the Court's approval, shall direct the notice to the members of the class by the best means available.

It is so ordered.